## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | |
|---|---|
| **JAMES GARRETT**<br>    LA. DOC#546824<br>VS. | **CIVIL ACTION NO. 3:10-CV-0393**<br><br>**SECTION P**<br><br>**JUDGE ROBERT G. JAMES** |
| **UNION PARISH DETENTION CENTER,**<br>**ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff James Garrett, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on March 2, 2010. When he filed this suit, plaintiff was an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC); he was incarcerated at the Union Parish Detention Center (UPDC), Farmerville, Louisiana. On some unspecified after May 28, 2010, plaintiff was released from custody and he now resides in El Dorado, Arkansas.

Plaintiff complained that he received inadequate care for his dental problems. He also complained that UPDC over-charged him for medical co-pay fees. In his original complaint, plaintiff asked the court to grant injunctive relief – an order directing the defendants to extract his "rotten teeth" and furnish him dentures. He also requested reimbursement for his medical co-payments, and an award of compensatory damages for pain and suffering. In the original complaint, plaintiff sued the UPDC, Warden Brazzel, Major Adams, and the UPDC Nursing Staff. In an amended complaint filed on May 28, 2010 he named Brazzell, Adams and Nurse Faye Osbourne as the sole defendants. He also requested appointment of counsel.

This matter has been referred to the undersigned for review, report, and recommendation in

accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** frivolous and for failing to state a claim for which relief may be granted. It is further ordered that plaintiff's request for appointment of counsel [Doc. 7] be **DENIED.**

*Background*

Plaintiff was an inmate in the custody of the LDOC. He was originally incarcerated at the Caddo Parish Jail where, on December 16, 2008, he was examined by a dentist and charged a co-pay fee of $5.00.

On some unspecified date thereafter, but in December 2008, he was transferred to UPDC. Upon his arrival at UPDC he was evaluated by Nurse Osbourne who obtained a medical history from plaintiff. Plaintiff advised that his spleen and gall bladder had been removed and further advised that he had dental problems, namely three abscessed teeth located in the top/front of his gums. According to plaintiff, these teeth were broken and deteriorated at the gum line and, in his opinion, they needed to be extracted.

On October 6, 2009 plaintiff made a sick call and apparently complained about his teeth. Osbourne advised that the only places capable of dealing with such dental problems were the L.S.U. Medical Center in Shreveport or the Forcht Wade Corrections Center. Osbourne again questioned him about his prior surgeries and plaintiff again advised that his spleen and gall bladder had been removed and he had "reconstructive" surgery on his left arm. According to plaintiff, Osbourne did not obtain vital signs during the sick call and sent plaintiff back to his housing unit.

Thereafter, plaintiff submitted numerous sick-calls concerning his dental problems. Some, but not all, of these sick-calls resulted in a visit to the infirmary and plaintiff was charged on each

occasion. On some unspecified date, plaintiff confronted Warden Brazzell and Major Adams and requested relief. Brazzell responded to plaintiff's request "in a very abusing and vindictive manner" and offered to pull plaintiff's teeth without novocain. He also advised plaintiff that dentures would not be supplied. Immediately thereafter, Brazzell referred to the plaintiff as "trench mouth" and escorted him to the medical department where plaintiff was provided prescription antibiotics. Plaintiff, of course, was required to pay the charges for these services.

On January 22, 2010, plaintiff was taken to the dentist in Farmerville who extracted plaintiff's five top teeth. According to plaintiff, infection had, by this time, spread to other parts of his mouth and his sinuses. He was then taken to Forcht Wade where the dentist on staff there refused to extract any more teeth when he discovered that plaintiff's spleen had previously been removed; the dentist also advised that plaintiff's blood pressure was "a factor" in the decision. According to plaintiff, based on what this dentist observed, "... the dentist in Farmerville was not supposed to practice on me period..." According to plaintiff, Brazzell and Adams made the decision to send plaintiff to the dentist in Farmerville and their's was an act of "medical negligence."

According to plaintiff, as of the date he submitted his amended complaint, he was still suffering from "... broken teeth, infections draining from these abscesses, pain from the matter, and unhealthy eating habit due to this problem..." and is still "being charged by medical staff for these ongoing events." However, he was apparently released from LDOC custody shortly thereafter and now resides in Arkansas.

*Law and Analysis*

**1. Screening**

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or

3

employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown)*

*Badge No. 153*, 23 F.3d at 97.

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint is frivolous if it lacks an arguable basis in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir.1995); *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Herndandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

Plaintiff's original complaint set forth his claim and the basis for his cause of action; he was allowed to amend the complaint to provide additional detail. He need not be permitted further amendment because his claims – taken as true for the purposes of this report – are either manifestly frivolous or fail to state a claim for which relief may be granted.

### 2. Injunctive Relief

In his original complaint, plaintiff requested injunctive relief – an order directing the defendants to extract his teeth and provide him with dentures. However, plaintiff is no longer incarcerated. Therefore, any request for injunctive relief with respect to this claim would be moot. *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir.2001). Plaintiff has been released from LDOC custody and is now able to obtain an examination and treatment by a dentist of his own choice.

### 3. Medical Care

That does not end the inquiry, however, because plaintiff also seeks monetary damages.

The constitutional right of a convicted prisoner to safe conditions of confinement and prompt

and adequate medical care is based upon the Eighth Amendment's prohibition of cruel and unusual punishment. Rights guaranteed under the Eighth Amendment are violated only if the defendants act with <u>deliberate indifference to a substantial risk of serious harm which results in injury</u>. Deliberate indifference requires that the defendants have subjective knowledge of the risk of harm. Mere negligence or a failure to act reasonably is not enough. The defendants must have the subjective intent to cause harm. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)

Thus, plaintiff can establish an actionable constitutional violation only if he alleges facts tending to establish that the defendants were deliberately indifferent to his serious medical needs and safety. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir.2001). His complaints fall far short of alleging facts sufficient to establish deliberate indifference. As a matter of fact, plaintiff appears to simply disagree with a course of treatment that was apparently recommended by either the medical staff at UPDC or some unnamed dentist. Furthermore, his pleadings allege inconsistent theories – first, he argued that the defendants were liable because they refused to extract his abscessed teeth; then, when they arranged for a dental examination, he faulted them for extracting only five teeth and no more; and, finally, he faulted the defendants and the Farmerville dentist for extracting those teeth in the first place based upon contrary advice and the opinion of the Forcht Wade dentist. Plaintiff's disagreement with the course of treatment that was ultimately provided to him falls far short of establishing deliberate indifference. Indeed, it appears that plaintiff was afforded some level of treatment for his problems and that any fault on the part of the defendants was due to either negligence or malpractice and not based upon their deliberate indifference to plaintiff's needs.

Further, to the extent that plaintiff complains that he is charged for medical services, such

an allegation fails to state a claim for which relief might be afforded. The policy or procedure he complains of is apparently a "co-pay" policy or fee-for-service program which requires inmates to bear part of the cost of their medical treatment. Courts have found these polices constitutionally permissible if they do not interfere with timely and effective treatment of serious medical needs. *Reynolds v. Wagner*, 128 F.3d 166, 174 (3d Cir.1997) (co-pay policy)*; Shapley v. Nevada Bd. of State Prison Comm's*, 766 F.2d 404 (9th Cir.1985) (co-pay policy); *Cameron v. Sarraf*, 2000 WL 33677584, at *3-5 (E.D.Va. March 17, 2000) (No. CIV.A.98-1227-AM.) (co-pay policy); *Reynolds v. Wagner*, 936 F.Supp. 1216, 1225-1227 (E.D.Pa.1996) (fee-for-service-program); *Johnson v. Dept. of Public Safety and Correctional Services*, 885 F.Supp. 817 (D.Md.1995) (co-pay policy). See also *Hudgins v. DeBruyn*, 922 F.Supp. 144, 151 (S.D.Ind.1996) (prison policy which provided that inmates could obtain over-the-counter medicine at cost from institution commissary or as part of necessary treatment for serious medical condition did not constitute cruel and unusual punishment even though former policy generally provided medication free of charge in conjunction with inmate's use of sick-call process; inmate's serious medical needs would be met whether inmate was indigent or not).

      Simply stated, nothing in Constitution guarantees inmates the right to be entirely free from costs associated with medical care. *Reynolds*, 128 F.3d, at 175. It is only when necessary medical care is denied to impecunious inmates that the Eighth Amendment is implicated. See, e.g., *Collins v. Romer*, 962 F.2d 1508, 1514 (10th Cir.1992) (affirming district court finding that statute with no exceptions to the co-payment requirement would be unconstitutional because it would deprive an inmate of meaningful access to medical care); *Johnson*, 885 F.Supp. at 820 (holding statute constitutional "because the policy mandates that no one shall be refused treatment for an inability

to pay, [and] the co-pay policy will not result in a denial of care, even for inmates who abuse the system").

### 4. Appointment of Counsel

Finally, plaintiff has requested appointment of counsel. [See Doc. 7, p. 6] Congress has not specifically authorized courts to appoint counsel for plaintiffs proceeding under 42 U.S.C. §1983. "Generally no right to counsel exists in §1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. §1915 where 'exceptional circumstances' are present." *Robbins v. Maggio*, 750 F.2d. 405 (5th Cir. 1985). Pursuant to 28 U.S.C. §1915(e)(1), federal courts are given the power to request that an attorney represent an indigent plaintiff. In the case of *Mallard v. United States District Court for the Southern District*, 490 U.S. 296, 301-302, 109 S.Ct. 1814, 1818, 104 L.Ed.2d 318 (1989) the United States Supreme Court held that federal courts can only request that an attorney represent a person unable to employ counsel because federal courts are not empowered under 28 U.S.C. §1915(e)(1) to make compulsory appointments.

Although courts can request that an attorney represent an indigent plaintiff, the court is not required to make this request in the absence of "exceptional circumstances." See *Ulmer v. Chancellor*, 691 F.2d. 209, 212 (5th Cir. 1982) and *Jackson v. Cain*, 864 F.2d. 1235, 1242 (5th Cir. 1989). No precise definition of "exceptional circumstances" is available, but the United States Courts of Appeal have provided a litany of factors for lower courts to consider in determining whether the plaintiff is entitled to have the court request that counsel assist him in his suit. It is proper for the court to consider the following factors: the type and complexity of the case; the plaintiff's ability to adequately present and investigate his case; the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and cross-

examination; and the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination." See *Parker v. Carpenter*, 978 F.2d. 190 (5th Cir. 1992), citing *Murphy v. Kellar*, 950 F.2d. at 293, n.14; *see also Ulmer*, 691 F.2d. at 213, and *Jackson*, 864 F.2d. at 1242. Additionally, a court may consider whether a plaintiff has demonstrated the inability to secure private counsel on his own behalf. *See Jackson*, 864 F.2d. at 1242; *Ulmer*, 691 F.2d. at 213. Plaintiff is not excused from trying to procure counsel for himself.

Plaintiff has managed to file his original complaint and an amended complaint both setting forth his cause of action against the named defendants. No special legal knowledge was required of plaintiff. His claims are not necessarily atypical of those often asserted in civil rights litigation and are not complex. Further, the appointment of counsel at this stage of the proceedings would not assist the court in resolving his claims. Finally, plaintiff failed to demonstrate that he attempted to procure counsel on his own behalf.

Accordingly, plaintiff's request for appointment of counsel should be denied as the circumstances presented herein are not "exceptional" so as to warrant the appointment of counsel. Moreover, plaintiff's request should be denied because plaintiff has failed to demonstrate any effort to secure counsel on his own behalf.

### *Order and Recommendation*

Therefore,

Plaintiff's request for counsel [Doc. 7, p. 6] is **DENIED;** and, further,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, June 29, 2010.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE